UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLOCKER, | No. 2:15-cv-1416 KJM KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| J. SOTO, Warden, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding pro se and in forma pauperis. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

////

(1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing."  Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).  Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214.  In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review.  Id., 536 U.S. at 220, 222-23.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled no contest to eight counts of second degree robbery and admitted strike, serious felony, and personal use of a deadly weapon allegations.  (ECF Nos. 1 at 2; (Respondent's Lodged Document ("LD") 1.)

2. On November 2, 2011, petitioner was sentenced to a determinate state prison term of 30 years.  (LD 1.)

3. Petitioner appealed the restitution order referenced in the abstract of judgment.

4. On June 26, 2012, the California Court of Appeal for the Third Appellate District issued the following order:

> The trial court is directed to delete the references to the restitution order in the minute order and abstract, hold a restitution hearing, prepare an amended minute order and abstract reflecting the results of that hearing, and forward a copy of the corrected abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

(LD 2.)

5. Petitioner did not appeal the June 26, 2012 order.

////

1    6. On December 7, 2012, the Sacramento County Superior Court held a restitution
2    hearing. (LD 3.) Petitioner did not appeal.

3    7. On August 24, 2014,[1] petitioner filed a petition for writ of habeas corpus in the
4    Sacramento County Superior Court. (LD 4.) On October 27, 2014, the superior court denied the
5    petition. (LD 5.)

6    8. On December 7, 2014,[2] petitioner filed a petition for writ of habeas corpus in the
7    California Court of Appeal for the Third Appellate District. (LD 6.) The appellate court denied
8    the petition on December 18, 2014.

9    9. On January 28, 2015, petitioner filed a petition for writ of habeas corpus in the
10   California Supreme Court. (LD 8.) On April 29, 2015, the California Supreme Court denied the
11   petition without comment. (LD 9.)

12   10. On June 28, 2015, petitioner filed the instant federal petition. (ECF No. 1.) See Rule
13   3(d) of the Federal Rules Governing Section 2254 Cases.

14   11. Respondent filed the motion to dismiss on October 7, 2015. (ECF No. 13.) Petitioner
15   was granted multiple extensions of time.  (ECF Nos. 15, 17, 19.) On March 30, 2016, petitioner
16   was granted one final extension of time; his opposition was due on or before April 29, 2016.
17   (ECF No. 21.) Petitioner did not file an opposition.

18   IV. Statutory Tolling

19   Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that
20   petitioner's direct review became final or the date of the expiration of the time for seeking such
21   review. Id. In this case, petitioner did not appeal the superior court's December 7, 2012
22   restitution order. Accordingly, his conviction became final sixty days later on February 5, 2013.
23   Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The

---

[1] Unless otherwise indicated, all of petitioner's subsequent court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

[2] This petition was signed on December 3, 2014, but the proof of service is dated December 7, 2014.

1 AEDPA statute of limitations began to run the following day, on February 6, 2013.  Patterson v.
2 Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, petitioner's last day to file his
3 federal petition was on February 6, 2014.

4 Petitioner filed his first state court petition on August 24, 2014, over six months after the
5 limitations period expired.  Thus, this and his subsequent state petitions were not "properly filed"
6 so as to toll the running of the limitations period.  Moreover, a state court habeas petition filed
7 beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under
8 § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276
9 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed after the statute of limitations ended
10 "resulted in an absolute time bar").  Absent equitable tolling, the instant petition is time-barred.
11 Accordingly, petitioner is not entitled to statutory tolling.

## V. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A litigant seeking equitable tolling must establish:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

////

////

5

Case 2:15-cv-01416-KJM-KJN   Document 22   Filed 05/10/16   Page 6 of 6

Here, petitioner alleged no facts in his petition explaining his delay in bringing the instant action. Despite being granted numerous extensions of time, petitioner did not file an opposition to the motion to dismiss. Thus, he failed to demonstrate he is entitled to equitable tolling.

VI. Alternative Grounds

Respondent also moves to dismiss petitioner's claims attacking the validity of prior convictions used to enhance his current sentence as foreclosed by Lackawanna County Dist. Atty. V. Coss, 532 U.S. 394, 402 (2001). (ECF No. 13 at 4-5.) However, because petitioner's filing is time-barred, the court need not address respondent's alternative argument.

VII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 10, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/bloc1416.mtd.hc.sol

6