UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLOCKER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. SOTO, Warden,<br><br>　　　　　Respondent. | No.  2:15-cv-1416 KJM KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 10, 2016, the magistrate judge filed findings and recommendations in which the undersigned recommended that respondent's motion to dismiss be granted because the federal statute of limitations period expired on February 6, 2014, and petitioner did not file the instant petition until June 28, 2015.  (ECF No. 22.)  On May 27, 2016, petitioner filed objections to the findings and recommendations.  In addition to raising legal arguments concerning procedural default, petitioner claims, for the first time, that he suffers from a serious mental illness that warrants equitable tolling, and that the failure of prison officials to provide mentally ill inmates with adequate legal assistance is tantamount to extraordinary circumstances that also warrants equitable tolling.  Respondent did not file a reply.

1

A. <u>Equitable Tolling</u>

The relevant time frame for the purpose of equitable tolling is from February 5, 2013, the date petitioner's conviction became final until June 28, 2015, the date he signed his federal habeas petition, or a little over two years.

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

<u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), <u>cert. denied</u>, 130 S. Ct. 244 (2009); <u>see also</u> <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. <u>Espinoza-Matthews v. People of the State of California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).

B. <u>Mental Illness</u>

The Ninth Circuit has articulated a specific, two-part test for an equitable tolling claim based on a petitioner's mental impairment:

> (1) *First,* a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
>   (a) petitioner was unable to rationally or factually to personally understand the need to timely file, or
>
>   (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second,* the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the

> totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations omitted) (italics in original); see also Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing.").

Bills provides guidance for applying its two-part test:

> [T]o evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Id., 628 F.3d at 1100-01.

D.  Discussion

Although petitioner did not submit any mental health records, petitioner declares under penalty of perjury that he has been diagnosed as schizo-affective disorder, bipolar type I, manic-depressive, a mental disorder/mental incompetence/mental impairment by the California Department of Corrections and Rehabilitation, and receiving mental health treatment through the Enhanced Outpatient Program ("EOP").  (ECF No. 23 at 11.)  Petitioner contends that he is entitled to equitable tolling due to his mental illness and because prison officials deny mentally ill inmates beneficial access to the law library in violation of the Americans with Disabilities Act. None of these arguments were addressed in the underlying motion to dismiss because petitioner failed to file an opposition, despite being granted multiple opportunities in which to do so.

Nevertheless, in an abundance of caution, respondent is ordered to address petitioner's objections and to provide copies of pertinent mental health records for the relevant time frame. Petitioner will be given an opportunity to file a reply.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, respondent shall file a response to petitioner's objections, including copies of pertinent mental health records for the relevant time frame; and

2. Within twenty-one days thereafter, petitioner may file a reply.[1]

Dated: July 7, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bloc1416.fb

---

[1] Petitioner is cautioned that he bears the burden to demonstrate that he is entitled to equitable tolling under Holland, 130 S. Ct. at 2560, and Bills, 628 F.3d at 1099-1100.